Mr. Justice Smith
delivered the opinion of the court.
This was an action of debt, brought on the written promise of plaintiff in error, to pay Jordan Elder one thousand dollars “ in the notes of the banks of the state of Mississippi, at par, at the office of Charles Hill in Raymond.” The defendant below tendered two pleas in bar of the action. To the first of which there was a formal replication and issue. To the second there was a demurrer, and a judgment sustaining the demurrer. Under the judgment of respondeat ouster a third plea was pleaded, more minute in detail, but not varying in substance from the plea to which the demurrer had been sustained. To this plea there' was also a demurrer, but it does not appear from the record that any disposition was made of it by the court. On *105 the state of pleading thus standing, the parties went to trial, which resulted in a verdict for the plaintiff. A writ of error was sued out to the judgment pronounced thereon. The judgment was reversed in this court, the demurrer to the second plea overruled, and the cause remanded for further proceedings. The case is reported in 7 S. & M. 507.
We must hold, that all of the legal questions raised by the demurrer to the second plea of defendant, were reviewed by this court on its decision of the case. The construction of the writing, which was the foundation of the action, whether it was a promissory note in the legal acceptation of the terms, or whether it was a contract for the payment of goods or chattels at a specified value, we are bound to presume was a subject of consideration in this court. The presumption is not to be indulged, that it was overlooked by the court, as the validity of the defence depended equally upon the question, whether the writing was a promissory note or not, as upon the construction to be given to the words, “at par,” in the contract. It is conceded, that when the same point has been once adjudged between the same parties, in the same cause, and upon the same state of facts, the adjudication is binding, not only on the inferior courts but on this also.
This court, in its opinion, considered the demurrer to the original second plea as waived by the demurrant. But upon the cause being remanded into the circuit court, a demurrer was filed to the second or amended plea of defendant, presented under the judgment of resjoondeat ouster. Thus the second original plea, which this court held to be valid, remained unarn-swered on the record, and a plea, the same in substance, in opposition to the judgment of this court, was adjudged to be bad. On this state of case a second trial was had on the issue to the first plea, and verdict and judgment rendered for the plaintiff This was manifestly -erroneous. And for this error the judgment must be reversed.
But it is insisted, that this court should not only reverse the judgment below, but should proceed to pronounce judgment *106 final for the defendant, for want of a replication to the second original plea of said defendant.
It is stated in the brief of counsel, that the court, upon the application of defendant, refused to allow a judgment to be entered against the plaintiff, for want of a replication to his second plea, and that he was compelled to go to trial on the issue then made up. But this statement, is not borne out by the record. If the record showed that state of facts, it would then become a subject of inquiry, whether we should not render a final judgment against the plaintiff. But as it does not, we can only reverse the judgment, overrule the demurrer to the third plea, and remand the cause for'further proceeding in the court below.